UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

BETTY JENKINS, and, SHANIQUA JENKINS,

                    Plaintiffs,   **COMPLAINT**

         -against-

THE CITY OF NEW YORK; P.O. JORGE TOBON,
SHIELD #29637; P.O. SUPERVISOR ROGER ROE  ECF Case
#1; P.O. JOHN AND JANE DOES #1-10, the
individual defendant(s) sued          Jury Trial Demanded
individually and in their official
capacities,

                   Defendants.

---------------------------------------- X

## PRELIMINARY STATEMENT

     1.   This is a civil rights action in which plaintiffs seek relief for the violation of plaintiffs' rights secured by 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.  The claims arise from an incident that occurred on or about July 23, 2008.  During the incident the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, false arrest, excessive force, unlawful search and seizure, retaliation for free speech, federal and state law malicious prosecution, denial of medical treatment, conspiracy, negligence, gross negligence, intentional and negligent infliction of emotional distress and implementation and

continuation of an unlawful municipal policy, practice, and custom.  In addition, plaintiffs were subjected to a conversion of chattels.  Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law (malicious prosecution, negligence, gross negligence, and intentional and negligent infliction of emotional distress).  Notices of Claim were duly filed on defendant City of New York within 90 days of some of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiffs' claims. Moreover, this action has been filed within one year and 90 days of some of the incidents that are the basis of this claim.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

### PARTIES

5.    Plaintiff Betty Jenkins is a resident of the State of New York, New York County.

6.    Plaintiff Shaniqua Jenkins is a resident of the State of New York, New York County.

7.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8.    Defendant P.O. Jorge Tobon is a New York City Police Officer, assigned Shield #29637, employed with the Manhattan North Narcotics Bureau located in New York, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as descried herein.

9.    Defendant Supervisor P.O. Roger Roe is a New York City Police Officer, employed with the Manhattan North Narcotics Bureau located in New York, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

10.    Defendants P.O. John and Jane Does #1-10 are unknown New York City Police Officers, employed with the

3

Manhattan North Narcotics Bureau located in New York, New York, or other as yet unknown NYPD assignments who violated plaintiffs' rights as described herein.

11.  The individual defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein.  The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

12.  On July 23, 2008, at and in the vicinity of 237 West 127th Street, Apartment 12A, New York ("the apartment"), the 32nd Precinct, located in New York, New York, and Manhattan Central Booking, several police officers operating from the Manhattan North Narcotics Bureau, including upon information and belief, defendants P.O. Jorge Tobon, P.O. Supervisor Roger Roe #1, P.O. John and Jane Does #1-10, and other as yet unknown police officers, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiffs.

13.  On July 23, 2008, plaintiff Betty Jenkins was and had been engaged in the practice of home child-care services. Plaintiff Betty Jenkins was contracted by the City of New York, Agency for Children Services to provide care for children between the ages of 2 months and 3 years.

4

14.   Plaintiff Betty Jenkins is the mother and natural guardian of plaintiff Shaniqua Jenkins.

15.   At approximately 1:00 p.m., plaintiffs were in the apartment with two small children from the day-care service, when, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime, the defendants unlawfully entered the apartment by breaking through the door and drew their firearms at plaintiffs and the small children.

16.   The defendants purported to have a search warrant for the apartment, however no such search warrant was provided to plaintiffs even though several requests were made.

17.   Once the defendant officers entered the apartment, plaintiffs were not free to disregard their questions, or walk way or leave the scene.

18.   While inside the apartment, defendants, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiffs (or any third person) had committed a crime falsely arrested plaintiffs.

19.   Upon information and belief, plaintiffs were not the subjects of any search warrant.

20.   The defendants then searched the entire apartment.  In order to conduct their illegal search, the

defendants broke down a locked door that was in the exclusive
control of plaintiff Betty Jenkins' non-party 19-year-old son.

21.    During the arrest of plaintiffs, defendants
committed excessive force against them, by maliciously,
gratuitously, and unnecessarily pointing a firearm at them,
grabbing plaintiffs, and placing excessively tight handcuffs on
plaintiffs' wrists.  Those defendants who did not touch
plaintiffs, witnessed these acts, but failed to intervene and
protect plaintiffs from this conduct.

22.    The individual defendant officers did not have an
objective and/or reasonable basis to use any degree of force
against plaintiffs, since plaintiffs were unarmed, compliant,
and did not resist arrest.

23.    Plaintiffs were physically injured as a result of
the excessive use of force, and suffered numbness and marks to
their wrists.

24.    Plaintiffs asked the individual defendants to
loosen the cuffs, but they did not.

25.    The individual defendants told the plaintiffs
that they were looking for plaintiff Betty Jenkins' son, an
individual who was not in the apartment.

26.    When plaintiffs told the individual defendants
that they were unaware of plaintiff Betty Jenkins' son's

6

whereabouts, the defendants transported plaintiffs to the 32nd Precinct for arrest processing.

27.   Plaintiff Betty Jenkins repeatedly requested that the defendants provide her with medical attention because of high blood sugar and high blood pressure.  However, the defendants denied plaintiff Betty Jenkins' requests.

28.   Plaintiffs were transferred to New York Central Booking where they were subjected to depraved, filthy, and inhumane conditions of confinement.

29.   The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

30.   While plaintiffs were incarcerated at the 32nd Precinct and Central Booking awaiting arraignment, defendants, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiffs had committed various crimes; based upon the false statements of defendants, the New York County District Attorney's Office chose to prosecute plaintiffs under dockets #2008NY054569 (Shaniqua Jenkins) and #2008NY054567 (Betty Jenkins).

31.   The above-stated malicious prosecution terminated in plaintiffs' favor when the cases against plaintiffs were dismissed in their entirety on March 11, 2009.

32.   The plaintiffs were forced to hire an attorney to

7

defend themselves against the false allegations of the
defendants.

33.    Plaintiffs were also subjected to a conversion of
chattels when $900 was stolen from a coat that was inside of
plaintiffs' apartment.

34.    Defendant Supervisor P.O. Roger Roe supervised
the other defendant police officers concerning the above-
mentioned unlawful acts against plaintiffs, and approved the
unlawful acts against plaintiffs.

35.    The aforesaid events are not an isolated
incident.  Defendant City of New York is aware (from lawsuits,
notices of claim and complaints filed with the Civilian
Complaint Review Board) that many of the NYPD's officers are
insufficiently trained on the proper way to investigate, use
force, and search arrestees or detainees, and treat innocent
and/or uninvolved individuals who are found at an incident scene
and/or investigation location.

36.    Defendant City of New York is further aware that
such improper training has often resulted in a deprivation of
civil rights.  Despite such notice, City of New York has failed
to take corrective action.  This failure caused the defendants
in the present case to injure plaintiffs, violate the law, and
violate the plaintiffs' rights.

8

37.    Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers.  Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

38.    At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly trained the individual defendants for the position of police officers.

39.    At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

40.    At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

41.    At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, the individual defendants, who were clearly unfit for their

9

positions, who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

42.    The occurrence(s) and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

43.    The individual defendants acted in concert committing the above-described illegal acts toward plaintiffs.

44.    Plaintiffs did not resist arrest at any time during the above incidents.

45.    Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

46.    The individual defendants did not observe plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

47.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

48.   Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

49.   As a direct and proximate result of defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

50.   The plaintiffs are also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiffs' rights.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW / UNLAWFUL SEARCH AND SEIZURE)

51.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

52.    Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiffs (or any third person) had committed a crime.

53.    Accordingly, defendants are liable to plaintiffs for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (EXCESSIVE FORCE UNDER FEDERAL LAW)

54.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

55.    The individuals use of force upon plaintiffs, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiffs pain and injury.

56.    Accordingly, defendants are liable to plaintiffs for using unreasonable and excessive force pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM

**(VIOLATING PLAINTIFFS' RIGHT TO FREE SPEECH UNDER FEDERAL LAW)**

57.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

58.    Plaintiffs exercised free speech during the incident by, among other things, peacefully telling the individual defendants that they had not committed a crime, and that the officers were mistreating plaintiffs.

59.    Plaintiffs' use of free speech was a motivating factor in defendants' decision to arrest, use force upon, and prosecute them.  Accordingly, defendants are liable to plaintiffs under the First Amendment to the United States Constitution for violating plaintiffs' right to free speech.

## FOURTH CLAIM

**(MALCIOUS PROSECUTION UNDER FEDERAL LAW)**

60.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

61.    Defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s), which alleged plaintiffs had committed various crimes; and based upon these false statements, prosecutors prosecuted

13

plaintiffs until the cases against plaintiffs were dismissed in their entirety on March 11, 2009.

62.    The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

63.    The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

64.    The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiffs.

<u>**FIFTH CLAIM**</u>

**(MALCIOUS PROSECUTION UNDER STATE LAW)**

65.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

66.    Defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s), which alleged plaintiffs had committed various crimes; and based upon these false statements, prosecutors prosecuted plaintiffs until the cases against plaintiffs were dismissed in their entirety on March 11, 2009.

67.    The individual defendants lacked probable cause

to believe the above-stated malicious prosecution(s) could succeed.

68.  The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

## SIXTH CLAIM

### (FAILURE TO SUPERVISE)

69.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

70.  The supervisor defendants are liable to plaintiffs because they supervised subordinate individual defendants concerning above-mentioned unlawful acts against plaintiffs, and approved their unlawful acts.

## SEVENTH CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

71.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

72.  Defendants are liable to plaintiffs because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiffs.

## EIGHTH CLAIM

### (42 U.S.C. § 1985 CONSPIRACY)

73.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

74.   The individual defendants arrested plaintiffs in continuation of defendant City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in order to meet productivity goals in minority and low-income neighborhoods.

75.   Defendants are liable to plaintiffs because they conspired against plaintiffs based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiffs of equal protection of the privileges and immunities under the law, and committed an act in furtherance of the conspiracy, which injured plaintiffs.

## NINTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEES UNDER STATE LAW)

76.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

77.   Defendant City of New York is liable to plaintiffs because the occurrence and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of

16

defendant City of New York, and the NYPD, its agents, servants
and/or employees, as set forth above, without provocation on the
part of plaintiffs contributing thereto, specifically, the
negligent and reckless manner in which said defendant hired,
trained, supervised, controlled, managed, maintained, inspected
and retained its police officers.

## TENTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW)

78.    Plaintiffs repeat and reallege all the foregoing
paragraphs as if the same were fully set forth at length herein.

79.    That by virtue of the occurrence and defendants,
individually and/or by their agents, servants and/or employees,
negligently and/or intentionally inflicted emotional harm upon
plaintiffs.

80.    The defendants' actions against plaintiffs were
extreme and outrageous and caused plaintiffs severe emotional
distress.

81.    The defendants breached a duty owed to the
plaintiffs that either unreasonably endangered plaintiffs'
physical safety, or caused the plaintiffs to fear for their own
safety.

17

## ELEVENTH CLAIM

### (NEGLIGENCE, GROSS NEGLIGENCE UNDER STATE LAW)

82.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

83.   Defendants are liable to plaintiffs because defendants owed plaintiffs a cognizable duty of care as a matter of law, and breached that duty.

## TWELFTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

84.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

85.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

86.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

## THIRTEENTH CLAIM

### (FEDERAL MONELL CLAIM AGAINST THE CITY OF NEW YORK)

87.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

88.    The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

89.    Upon information and belief, the City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

90.    Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

91.    In addition, the following are City policies, practices and customs:

    (a)  arresting innocent individuals found at crime scenes, based on a pretext, in order to meet productivity goals;

    (b)  fabricating evidence against individuals;

    (c)  using excessive force on individuals; and

    (d)  retaliating against individuals who engage in free speech.

19

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

(a)  Compensatory damages in an amount to be determined by a jury;

(b)  Punitive damages in an amount to be determined by a jury;

(c)  Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

(d)  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


DATED:    New York, New York
          June 9, 2010

                              MICHAEL P. KUSHNER, ESQ.
                              *Attorney for Plaintiffs*
                              155 Water Street
                              The Green Desk Building
                              Brooklyn, New York 11201
                              212.202.2634
                              kushner.michael@gmail.com


                              _____/s/_____
                              Michael P. Kushner, Esq.

20